

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  21SL-CC05417 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES BROWN | Plaintiff's/Petitioner's Attorney/Address<br>JOHN CLAYTON SCHAEFFER<br>12166 OLD BIG BEND ROAD<br>SUITE 99<br>KIRKWOOD, MO  63122 |
| Defendant/Respondent:<br>DG FRESH DISTRIBUTION MO LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  DG FRESH DISTRIBUTION MO LLC
**Alias:**
R/A CSC LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO  65101



*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**10-JAN-2022**
**Date**

_____
Clerk

**Further Information:**
WAW

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____
Served at _____ (address)
in _____(County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                         Signature of Sheriff or Server
   **Must be sworn before a notary public if not served by an authorized officer:**
            Subscribed and sworn to before me on _____ (date).
*(Seal)*
            My commission expires: _____
                              Date                                Notary Public

| **Sheriff's Fees, if applicable** | | | | |
|---|---|---|---|---|
| Summons | $_____ | | | |
| Non Est | $_____ | | | |
| Sheriff's Deputy Salary | | | | |
| Supplemental Surcharge | $_____10.00_____ | | | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) | | |
| **Total** | $_____ | | | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029



**21SL-CC05417**

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JAMES BROWN III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| DG FRESH DISTRIBUTION MO, LLC | ) | |
| **Serve Registered Agent:** | ) | |
| CSC Lawyers Incorporating | ) | |
| Services Company | ) | **JURY TRIAL DEMANDED** |
| 221 Bolivar St | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff James Brown III, by and through his undersigned counsel, and hereby

initiates suit against Defendant, DG Fresh Distribution MO, LLC. For his cause of action,

Plaintiff alleges the following:

### STATEMENT OF JURISDICTION

1. Plaintiff James Brown III (hereinafter "***Plaintiff***") is an African American male citizen

   of the United States of America residing in St. Louis County, Missouri;

2. Plaintiff was an employee of Defendant DG Fresh Distribution MO, LLC (hereinafter

   "***Defendant***") within the meaning of the Missouri Human Rights Act, Mo Rev. Stat.

   §213.010(8) ("MHRA");

3. Defendant is a for-profit company organized under the laws of the state of Missouri;

4. At all relevant times, Defendant was authorized to conduct business in the state of

   Missouri and was doing business in the state of Missouri;

1

Electronically Filed - St. Louis County - November 12, 2021 - 01:43 PM

5. Defendant is an employer within the meaning of the MHRA;

6. This is an employment case based upon and arising under the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 et seq.;

7. This Court has jurisdiction and venue over all factual and legal matters relevant to this cause of action;

8. The unlawful acts set forth herein were committed in St. Louis County, Missouri;

9. At all relevant times, Defendant has conducted business and maintained a physical operation at 7101 Hazelwood Ave, Berkeley, MO 63134;

10. Plaintiff was employed by Defendant at 7101 Hazelwood Ave, Berkeley, MO 63134 from approximately January 5, 2020 until August 3, 2020;

11. Jurisdiction and venue are proper in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. §508.010 et seq. and §213.111(1),(2).

## ADMINISTRATIVE PROCEDURES

12. On or about November 10, 2020, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant.

13. On or about August 17, 2021, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 1 and incorporated herein by reference);

14. This lawsuit was filed within 90 days of the issuance of the MCHR's Notice of Right to Sue;

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and it has been filed within the requisite statute of limitations.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

## ALLEGATIONS COMMON TO ALL COUNTS

16. Defendant employed Plaintiff from approximately January 5, 2020 until August 3, 2020;

17. Plaintiff is an African American man:

18. In June of 2020, Plaintiff reported to human resources that his direct manager Keith Swiecicki (hereinafter "*Swiecicki*") was discriminating against Plaintiff because of his race.

19. Specifically, Plaintiff reported to human resources that, with respect to certain work that Swiecicki had not done, Swiecicki stated "*I don't do the work; that's for your slaves.*"

20. The date after Swiecicki made the statement referenced in Paragraph 19, Plaintiff reported him to human resources through an email.

21. In July of 2020, Plaintiff put in a request to take vacation, which would have been a paid vacation as a benefit of his employment.

22. Swiecicki denied Plaintiff's request stating that he did not want multiple supervisors to be out on vacation at the same time.

23. Swiecicki's reason for the denial was inconsistent with Defendant's policy as there were multiple times where multiple supervisors to not be on vacation at the same time.

24. Defendant had a policy that was specific to multiple supervisors in the same department taking vacation at the same time.

25. With respect to Plaintiff's request for vacation, the other supervisor whose vacation was approved was Gary Starr, who is a white male in a different department.

3

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

26. After Plaintiff's request for a vacation was denied, Swiecicki accused Plaintiff of stealing a Dollar General Backpack that Human Resources had given Plaintiff.

27. Swiecicki asked Plaintiff "Where did you steal that from?" referencing the backpack.

28. Plaintiff also was told by Swiecicki that he could not have the backpack on the floor, though Plaintiff's white co-workers always brought their Dollar General Backpacks onto the floor

29. Plaintiff reported the comments and behavior of Swiecicki to human resources.

30. Human Resources responded to Plaintiff's complaints by telling him that Swiecicki had been put on a "final"

31. This is contradictory to the Defendant's zero-tolerance policy for racial discrimination.

32. After reporting the discriminatory behavior in July to Human Resources, Plaintiff was placed in quarantine due to Covid-19 exposure.

33. Upon Plaintiff's return to work after the quarantine period was complete, Plaintiff learned that the employment of three members of his team had been terminated by Gary Starr.

34. Plaintiff addressed the termination with Caleb Berdard and Swiecicki and was told that Plaintiff could re-hire two of the three employees whose employment had been terminated.

35. After Plaintiff re-hired two of the three employees whose employment had been terminated, Plaintiff was suspended for bringing back terminated employees against company policy.

36. On or about July 23, 2020, Plaintiff was suspended without pay.

37. On or about August 3, 2020, Plaintiff's employment was terminated.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

## COUNT I: VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RACIAL DISCRIMINATION AGAINST DEFENDANT

38. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs;

39. Plaintiff is an African American man.

40. Plaintiff is a member of a class of persons protected by the MHRA;

41. Plaintiff's race was a motivating factor in Swiecicki's comment referring to Plaintiff as a slave.

42. Plaintiff's race was a motivating factor in Swiecicki's denial of Plaintiff's vacation request.

43. Plaintiff's race was a motivating factor in Swiecicki's accusation that Plaintiff stole the backpack, which Plaintiff was given by human resources.

44. Plaintiff's race was a motivating factor in Swiecicki's comment about how Plaintiff should not have the backpack on the floor while similarly situated Caucasian employees could have their backpacks on the floor

45. Plaintiff's race was a motivating factor in Defendant's determination to terminate three of Plaintiff's employees while Plaintiff was quarantined due to Covid19.

46. Plaintiff's race was a motivating factor in Defendant's determination to suspend Plaintiff's employment.

47. Plaintiff's race was a motivating factor in Defendant's determination to terminate Plaintiff's employment.

48. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

the scope and course of their agency and employment, and/or their actions were expressly authorized by the Defendant, thus making Defendant liable for said actions under respondeat superior;

49. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including racial discrimination;

50. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA;

51. Plaintiff suffered intentional discrimination at the hand of Defendant, based on hehis race, in violation of Mo. Rev. Stat. §213.055.

52. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

53. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

54. By failing to take prompt and effective remedial action, such as re-employing Plaintiff, Defendant condoned, ratified, and/or authorized the discrimination against Plaintiff;

55. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

56. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

## COUNT II VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RETALIATION AGAINST DEFENDANT

57. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs;

58. In June of 2020, Plaintiff engaged in protected activity by reporting to human resources that his supervisor referred to him as a slave.

59. Plaintiff's complaint about Swiecicki's referencing of Plaintiff as a slave motivated Swiecicki to deny Plaintiff his request time off for vacation.

60. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki denied Plaintiff his vacation while granting it to a similarly situated Caucasian employee.

61. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki racially profiled plaintiff, accused him of stealing a backpack that was given to him by Human Resources, and banned him from brining the backpack on the floor, despite allowing Caucasian employees to bring the backpack on the floor.

62. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and suspend his employment;

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

63. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and terminate his employment;

64. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

65. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

66. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

67. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Circuit Court of St. Louis County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

8

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

Respectfully Submitted,

**McMICHAEL, LOGAN, SCHAEFFER, & GILPIN**

By:     */s/ J. Clayton Schaeffer*
        J. Clayton Schaeffer, #67444
        Michelle K. Faron, #68058
        Attorneys for Plaintiff
        7710 Carondelet Ave.
        Suite 217
        Clayton, MO 63105
        (636) 532-1400 Office
        (888) 823-1441 Facsimile
        clay@mcmcihael-logan.com
        michelle@mcmichael-logan.com

9

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATION **21SL-CC05417**

# MISSOURI COMMISSION ON HUMAN RIGHTS

FE-11/20-32533
Administrative Use/Records

| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **DEREK M. HOLLAND**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |
|---|---|---|---|

August 17, 2021

James Brown
2276 Luxmore Drive
St. Louis, MO  63136
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:   Brown vs. DG Fresh Distribution MO. LLC
        FE-11/20-32533     560-2021-00430

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

| ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|
| **JEFFERSON CITY OFFICE**<br>421 E. DUNKLIN ST.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | **ST. LOUIS OFFICE**<br>111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | **KANSAS CITY OFFICE**<br>P.O. BOX 1129<br>JEFFERSON CITY, 65102-1129<br>FAX: 816-889-3582 | **SIKESTON OFFICE**<br>106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

RE:    Brown vs. DG Fresh Distribution MO. LLC
         FE-11/20-32533     560-2021-00430

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

DG Fresh Distribution MO. LLC
Human Resources Director
7101 Hazelwood Ave.
St. Louis, MO  63134

Gabriela Rodriguez
McMichael Logan & Schaeffer
12166 Old Big Bend Road, Suite 99
Kirkwood, MO 63122
*Via Email*

☑ **JEFFERSON CITY OFFICE**
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ **ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ **KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ **SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: WILLIAM M. CORRIGAN JR. | Case Number:  21SL-CC05417 |
|---|---|
| Plaintiff/Petitioner: JAMES BROWN | Plaintiff's/Petitioner's Attorney/Address JOHN CLAYTON SCHAEFFER 12166 OLD BIG BEND ROAD SUITE 99 KIRKWOOD, MO  63122 |
| Defendant/Respondent: DG FRESH DISTRIBUTION MO LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO  63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

"vs." appears between the plaintiff and defendant sections.

## Summons in Civil Case

The State of Missouri to:  DG FRESH DISTRIBUTION MO LLC
**Alias:**
R/A CSC LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO  65101



**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

10-JAN-2022
Date

Further Information:
WAW

_____
Clerk

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____              _____
                                        Date                                              Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.   The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.   While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.   The neutral third party may issue an advisory opinion regarding the merits of the case.   The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.   A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.   After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.   The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.   As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.   The Circuit Clerk also has Neutral Qualifications Forms on file.   These forms have been submitted by the neutrals on the list and provide information on their background and expertise.   They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.   The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029



Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

**21SL-CC05417**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

JAMES BROWN III,               )
                                 )
       Plaintiff,             )
                                 )   Cause No.
v.                             )
                                 )   Division
DG FRESH DISTRIBUTION MO, LLC )
**Serve Registered Agent:**       )
     CSC Lawyers Incorporating    )
     Services Company          )   **JURY TRIAL DEMANDED**
     221 Bolivar St             )
     Jefferson City, MO 65101     )
                                 )
Defendant.               )
                                 )

## PETITION FOR DAMAGES

COMES NOW Plaintiff James Brown III, by and through his undersigned counsel, and hereby

initiates suit against Defendant, DG Fresh Distribution MO, LLC. For his cause of action,

Plaintiff alleges the following:

### STATEMENT OF JURISDICTION

1. Plaintiff James Brown III (hereinafter "***Plaintiff***") is an African American male citizen

   of the United States of America residing in St. Louis County, Missouri;

2. Plaintiff was an employee of Defendant DG Fresh Distribution MO, LLC (hereinafter

   "***Defendant***") within the meaning of the Missouri Human Rights Act, Mo Rev. Stat.

   §213.010(8) ("MHRA");

3. Defendant is a for-profit company organized under the laws of the state of Missouri;

4. At all relevant times, Defendant was authorized to conduct business in the state of

   Missouri and was doing business in the state of Missouri;

1

Electronically Filed - St. Louis County - November 12, 2021 - 01:43 PM

5. Defendant is an employer within the meaning of the MHRA;

6. This is an employment case based upon and arising under the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 et seq.;

7. This Court has jurisdiction and venue over all factual and legal matters relevant to this cause of action;

8. The unlawful acts set forth herein were committed in St. Louis County, Missouri;

9. At all relevant times, Defendant has conducted business and maintained a physical operation at 7101 Hazelwood Ave, Berkeley, MO 63134;

10. Plaintiff was employed by Defendant at 7101 Hazelwood Ave, Berkeley, MO 63134 from approximately January 5, 2020 until August 3, 2020;

11. Jurisdiction and venue are proper in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. §508.010 et seq. and §213.111(1),(2).

## ADMINISTRATIVE PROCEDURES

12. On or about November 10, 2020, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant.

13. On or about August 17, 2021, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 1 and incorporated herein by reference);

14. This lawsuit was filed within 90 days of the issuance of the MCHR's Notice of Right to Sue;

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and it has been filed within the requisite statute of limitations.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

## ALLEGATIONS COMMON TO ALL COUNTS

16. Defendant employed Plaintiff from approximately January 5, 2020 until August 3, 2020;

17. Plaintiff is an African American man:

18. In June of 2020, Plaintiff reported to human resources that his direct manager Keith Swiecicki (hereinafter "*Swiecicki*") was discriminating against Plaintiff because of his race.

19. Specifically, Plaintiff reported to human resources that, with respect to certain work that Swiecicki had not done, Swiecicki stated "*I don't do the work; that's for your slaves.*"

20. The date after Swiecicki made the statement referenced in Paragraph 19, Plaintiff reported him to human resources through an email.

21. In July of 2020, Plaintiff put in a request to take vacation, which would have been a paid vacation as a benefit of his employment.

22. Swiecicki denied Plaintiff's request stating that he did not want multiple supervisors to be out on vacation at the same time.

23. Swiecicki's reason for the denial was inconsistent with Defendant's policy as there were multiple times where multiple supervisors to not be on vacation at the same time.

24. Defendant had a policy that was specific to multiple supervisors in the same department taking vacation at the same time.

25. With respect to Plaintiff's request for vacation, the other supervisor whose vacation was approved was Gary Starr, who is a white male in a different department.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

26. After Plaintiff's request for a vacation was denied, Swiecicki accused Plaintiff of stealing a Dollar General Backpack that Human Resources had given Plaintiff.

27. Swiecicki asked Plaintiff "Where did you steal that from?" referencing the backpack.

28. Plaintiff also was told by Swiecicki that he could not have the backpack on the floor, though Plaintiff's white co-workers always brought their Dollar General Backpacks onto the floor

29. Plaintiff reported the comments and behavior of Swiecicki to human resources.

30. Human Resources responded to Plaintiff's complaints by telling him that Swiecicki had been put on a "final"

31. This is contradictory to the Defendant's zero-tolerance policy for racial discrimination.

32. After reporting the discriminatory behavior in July to Human Resources, Plaintiff was placed in quarantine due to Covid-19 exposure.

33. Upon Plaintiff's return to work after the quarantine period was complete, Plaintiff learned that the employment of three members of his team had been terminated by Gary Starr.

34. Plaintiff addressed the termination with Caleb Berdard and Swiecicki and was told that Plaintiff could re-hire two of the three employees whose employment had been terminated.

35. After Plaintiff re-hired two of the three employees whose employment had been terminated, Plaintiff was suspended for bringing back terminated employees against company policy.

36. On or about July 23, 2020, Plaintiff was suspended without pay.

37. On or about August 3, 2020, Plaintiff's employment was terminated.

4

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

## COUNT I: VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RACIAL DISCRIMINATION AGAINST DEFENDANT

38. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs;

39. Plaintiff is an African American man.

40. Plaintiff is a member of a class of persons protected by the MHRA;

41. Plaintiff's race was a motivating factor in Swiecicki's comment referring to Plaintiff as a slave.

42. Plaintiff's race was a motivating factor in Swiecicki's denial of Plaintiff's vacation request.

43. Plaintiff's race was a motivating factor in Swiecicki's accusation that Plaintiff stole the backpack, which Plaintiff was given by human resources.

44. Plaintiff's race was a motivating factor in Swiecicki's comment about how Plaintiff should not have the backpack on the floor while similarly situated Caucasian employees could have their backpacks on the floor

45. Plaintiff's race was a motivating factor in Defendant's determination to terminate three of Plaintiff's employees while Plaintiff was quarantined due to Covid19.

46. Plaintiff's race was a motivating factor in Defendant's determination to suspend Plaintiff's employment.

47. Plaintiff's race was a motivating factor in Defendant's determination to terminate Plaintiff's employment.

48. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

the scope and course of their agency and employment, and/or their actions were expressly authorized by the Defendant, thus making Defendant liable for said actions under respondeat superior;

49. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including racial discrimination;

50. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA;

51. Plaintiff suffered intentional discrimination at the hand of Defendant, based on hehis race, in violation of Mo. Rev. Stat. §213.055.

52. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

53. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

54. By failing to take prompt and effective remedial action, such as re-employing Plaintiff, Defendant condoned, ratified, and/or authorized the discrimination against Plaintiff;

55. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

56. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

## COUNT II VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RETALIATION AGAINST DEFENDANT

57. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs;

58. In June of 2020, Plaintiff engaged in protected activity by reporting to human resources that his supervisor referred to him as a slave.

59. Plaintiff's complaint about Swiecicki's referencing of Plaintiff as a slave motivated Swiecicki to deny Plaintiff his request time off for vacation.

60. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki denied Plaintiff his vacation while granting it to a similarly situated Caucasian employee.

61. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki racially profiled plaintiff, accused him of stealing a backpack that was given to him by Human Resources, and banned him from brining the backpack on the floor, despite allowing Caucasian employees to bring the backpack on the floor.

62. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and suspend his employment;

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

63. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and terminate his employment;

64. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

65. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

66. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

67. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Circuit Court of St. Louis County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

Respectfully Submitted,

**McMICHAEL, LOGAN, SCHAEFFER, & GILPIN**

By:     */s/ J. Clayton Schaeffer*
        J. Clayton Schaeffer, #67444
        Michelle K. Faron, #68058
        Attorneys for Plaintiff
        7710 Carondelet Ave.
        Suite 217
        Clayton, MO 63105
        (636) 532-1400 Office
        (888) 823-1441 Facsimile
        clay@mcmcihael-logan.com
        michelle@mcmichael-logan.com

9

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATION **21SL-CC05417**

# MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

| | | | |
|---|---|---|---|
| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **DEREK M. HOLLAND**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |

August 17, 2021

James Brown
2276 Luxmore Drive
St. Louis, MO  63136
*Via Complainant Attorney Email*

### NOTICE OF RIGHT TO SUE

RE:   Brown vs. DG Fresh Distribution MO. LLC
      FE-11/20-32533    560-2021-00430

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

FE-11/20-32533
Administrative Use/Records

| | | | |
|---|---|---|---|
|  | ☐ | ☐ | ☐ |
| **JEFFERSON CITY OFFICE**<br>421 E. DUNKLIN ST.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | **ST. LOUIS OFFICE**<br>111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | **KANSAS CITY OFFICE**<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>FAX: 816-889-3582 | **SIKESTON OFFICE**<br>106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

Electronically Filed - St. Louis County - November 12, 2021 - 01:43 PM

RE:    Brown vs. DG Fresh Distribution MO. LLC
       FE-11/20-32533    560-2021-00430


In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.


Respectfully,

Alisa Warren, Ph.D.
Executive Director


DG Fresh Distribution MO. LLC
Human Resources Director
7101 Hazelwood Ave.
St. Louis, MO  63134

Gabriela Rodriguez
McMichael Logan & Schaeffer
12166 Old Big Bend Road, Suite 99
Kirkwood, MO 63122
*Via Email*

☑ **JEFFERSON CITY OFFICE**
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ **ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ **KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ **SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

**21SL-CC05417**

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

JAMES BROWN III,                          )
                                          )
    Plaintiff,                        )
                                          )     Cause No.
v.                                        )
                                          )     Division
DG FRESH DISTRIBUTION MO, LLC             )
**Serve Registered Agent:**               )
    CSC Lawyers Incorporating         )
    Services Company                  )     **JURY TRIAL DEMANDED**
    221 Bolivar St                    )
    Jefferson City, MO 65101          )
                                          )
Defendant.                                )
                                          )

## PETITION FOR DAMAGES

COMES NOW Plaintiff James Brown III, by and through his undersigned counsel, and hereby

initiates suit against Defendant, DG Fresh Distribution MO, LLC. For his cause of action,

Plaintiff alleges the following:

### STATEMENT OF JURISDICTION

1. Plaintiff James Brown III (hereinafter "*Plaintiff*") is an African American male citizen

   of the United States of America residing in St. Louis County, Missouri;

2. Plaintiff was an employee of Defendant DG Fresh Distribution MO, LLC (hereinafter

   "*Defendant*") within the meaning of the Missouri Human Rights Act, Mo Rev. Stat.

   §213.010(8) ("MHRA");

3. Defendant is a for-profit company organized under the laws of the state of Missouri;

4. At all relevant times, Defendant was authorized to conduct business in the state of

   Missouri and was doing business in the state of Missouri;

Electronically Filed - St. Louis County - November 12, 2021 - 01:43 PM

5.  Defendant is an employer within the meaning of the MHRA;

6.  This is an employment case based upon and arising under the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 et seq.;

7.  This Court has jurisdiction and venue over all factual and legal matters relevant to this cause of action;

8.  The unlawful acts set forth herein were committed in St. Louis County, Missouri;

9.  At all relevant times, Defendant has conducted business and maintained a physical operation at 7101 Hazelwood Ave, Berkeley, MO 63134;

10. Plaintiff was employed by Defendant at 7101 Hazelwood Ave, Berkeley, MO 63134 from approximately January 5, 2020 until August 3, 2020;

11. Jurisdiction and venue are proper in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. §508.010 et seq. and §213.111(1),(2).

## ADMINISTRATIVE PROCEDURES

12. On or about November 10, 2020, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant.

13. On or about August 17, 2021, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 1 and incorporated herein by reference);

14. This lawsuit was filed within 90 days of the issuance of the MCHR's Notice of Right to Sue;

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and it has been filed within the requisite statute of limitations.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

## ALLEGATIONS COMMON TO ALL COUNTS

16. Defendant employed Plaintiff from approximately January 5, 2020 until August 3, 2020;

17. Plaintiff is an African American man:

18. In June of 2020, Plaintiff reported to human resources that his direct manager Keith Swiecicki (hereinafter "*Swiecicki*") was discriminating against Plaintiff because of his race.

19. Specifically, Plaintiff reported to human resources that, with respect to certain work that Swiecicki had not done, Swiecicki stated "***I don't do the work; that's for your slaves***."

20. The date after Swiecicki made the statement referenced in Paragraph 19, Plaintiff reported him to human resources through an email.

21. In July of 2020, Plaintiff put in a request to take vacation, which would have been a paid vacation as a benefit of his employment.

22. Swiecicki denied Plaintiff's request stating that he did not want multiple supervisors to be out on vacation at the same time.

23. Swiecicki's reason for the denial was inconsistent with Defendant's policy as there were multiple times where multiple supervisors to not be on vacation at the same time.

24. Defendant had a policy that was specific to multiple supervisors in the same department taking vacation at the same time.

25. With respect to Plaintiff's request for vacation, the other supervisor whose vacation was approved was Gary Starr, who is a white male in a different department.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

26. After Plaintiff's request for a vacation was denied, Swiecicki accused Plaintiff of stealing a Dollar General Backpack that Human Resources had given Plaintiff.

27. Swiecicki asked Plaintiff "Where did you steal that from?" referencing the backpack.

28. Plaintiff also was told by Swiecicki that he could not have the backpack on the floor, though Plaintiff's white co-workers always brought their Dollar General Backpacks onto the floor

29. Plaintiff reported the comments and behavior of Swiecicki to human resources.

30. Human Resources responded to Plaintiff's complaints by telling him that Swiecicki had been put on a "final"

31. This is contradictory to the Defendant's zero-tolerance policy for racial discrimination.

32. After reporting the discriminatory behavior in July to Human Resources, Plaintiff was placed in quarantine due to Covid-19 exposure.

33. Upon Plaintiff's return to work after the quarantine period was complete, Plaintiff learned that the employment of three members of his team had been terminated by Gary Starr.

34. Plaintiff addressed the termination with Caleb Berdard and Swiecicki and was told that Plaintiff could re-hire two of the three employees whose employment had been terminated.

35. After Plaintiff re-hired two of the three employees whose employment had been terminated, Plaintiff was suspended for bringing back terminated employees against company policy.

36. On or about July 23, 2020, Plaintiff was suspended without pay.

37. On or about August 3, 2020, Plaintiff's employment was terminated.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

**COUNT I: VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RACIAL
DISCRIMINATION AGAINST DEFENDANT**

38. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth
    herein, all of the above numbered paragraphs;

39. Plaintiff is an African American man.

40. Plaintiff is a member of a class of persons protected by the MHRA;

41. Plaintiff's race was a motivating factor in Swiecicki's comment referring to Plaintiff as
    a slave.

42. Plaintiff's race was a motivating factor in Swiecicki's denial of Plaintiff's vacation
    request.

43. Plaintiff's race was a motivating factor in Swiecicki's accusation that Plaintiff stole the
    backpack, which Plaintiff was given by human resources.

44. Plaintiff's race was a motivating factor in Swiecicki's comment about how Plaintiff
    should not have the backpack on the floor while similarly situated Caucasian employees
    could have their backpacks on the floor

45. Plaintiff's race was a motivating factor in Defendant's determination to terminate three
    of Plaintiff's employees while Plaintiff was quarantined due to Covid19.

46. Plaintiff's race was a motivating factor in Defendant's determination to suspend
    Plaintiff's employment.

47. Plaintiff's race was a motivating factor in Defendant's determination to terminate
    Plaintiff's employment.

48. At all times mentioned herein, before and after, the above described perpetrators were
    agents, servants, and employees of Defendant and were at all such times acting within

Electronically Filed - St. Louis County - November 12, 2021 - 01:43 PM

the scope and course of their agency and employment, and/or their actions were expressly authorized by the Defendant, thus making Defendant liable for said actions under respondeat superior;

49. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including racial discrimination;

50. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA;

51. Plaintiff suffered intentional discrimination at the hand of Defendant, based on hehis race, in violation of Mo. Rev. Stat. §213.055.

52. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

53. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

54. By failing to take prompt and effective remedial action, such as re-employing Plaintiff, Defendant condoned, ratified, and/or authorized the discrimination against Plaintiff;

55. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

56. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

## COUNT II VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RETALIATION AGAINST DEFENDANT

57. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs;

58. In June of 2020, Plaintiff engaged in protected activity by reporting to human resources that his supervisor referred to him as a slave.

59. Plaintiff's complaint about Swiecicki's referencing of Plaintiff as a slave motivated Swiecicki to deny Plaintiff his request time off for vacation.

60. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki denied Plaintiff his vacation while granting it to a similarly situated Caucasian employee.

61. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki racially profiled plaintiff, accused him of stealing a backpack that was given to him by Human Resources, and banned him from brining the backpack on the floor, despite allowing Caucasian employees to bring the backpack on the floor.

62. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and suspend his employment;

Electronically Filed - St. Louis County - November 12, 2021 - 01:43 PM

63. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and terminate his employment;

64. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

65. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

66. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

67. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Circuit Court of St. Louis County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

**McMICHAEL, LOGAN, SCHAEFFER, & GILPIN**

By:     */s/ J. Clayton Schaeffer*
      J. Clayton Schaeffer, #67444
      Michelle K. Faron, #68058
      Attorneys for Plaintiff
      7710 Carondelet Ave.
      Suite 217
      Clayton, MO 63105
      (636) 532-1400 Office
      (888) 823-1441 Facsimile
      clay@mcmcihael-logan.com
      michelle@mcmichael-logan.com

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATION **21SL-CC05417**

# MISSOURI COMMISSION ON HUMAN RIGHTS

FE-11/20-32533
Administrative Use/Records

| MICHAEL L. PARSON | ANNA S. HUI | DEREK M. HOLLAND | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

August 17, 2021

James Brown
2276 Luxmore Drive
St. Louis, MO  63136
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:   Brown vs. DG Fresh Distribution MO. LLC
      FE-11/20-32533     560-2021-00430

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

☑ **JEFFERSON CITY OFFICE**
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2805

☐ **ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ **KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ **SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

RE:   Brown vs. DG Fresh Distribution MO. LLC
       FE-11/20-32533     560-2021-00430

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

DG Fresh Distribution MO. LLC
Human Resources Director
7101 Hazelwood Ave.
St. Louis, MO  63134

Gabriela Rodriguez
McMichael Logan & Schaeffer
12166 Old Big Bend Road, Suite 99
Kirkwood, MO 63122
*Via Email*

☑ **JEFFERSON CITY OFFICE**
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ **ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ **KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ **SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)     Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov