Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JAMES BROWN III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| DG FRESH DISTRIBUTION MO, LLC | ) | |
| **Serve Registered Agent:** | ) | |
| CSC Lawyers Incorporating | ) | |
| Services Company | ) | **JURY TRIAL DEMANDED** |
| 221 Bolivar St | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff James Brown III, by and through his undersigned counsel, and hereby initiates suit against Defendant, DG Fresh Distribution MO, LLC. For his cause of action, Plaintiff alleges the following:

### STATEMENT OF JURISDICTION

1. Plaintiff James Brown III (hereinafter "***Plaintiff***") is an African American male citizen of the United States of America residing in St. Louis County, Missouri;

2. Plaintiff was an employee of Defendant DG Fresh Distribution MO, LLC (hereinafter "***Defendant***") within the meaning of the Missouri Human Rights Act, Mo Rev. Stat. §213.010(8) ("MHRA");

3. Defendant is a for-profit company organized under the laws of the state of Missouri;

4. At all relevant times, Defendant was authorized to conduct business in the state of Missouri and was doing business in the state of Missouri;

5. Defendant is an employer within the meaning of the MHRA;

6. This is an employment case based upon and arising under the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 et seq.;

7. This Court has jurisdiction and venue over all factual and legal matters relevant to this cause of action;

8. The unlawful acts set forth herein were committed in St. Louis County, Missouri;

9. At all relevant times, Defendant has conducted business and maintained a physical operation at 7101 Hazelwood Ave, Berkeley, MO 63134;

10. Plaintiff was employed by Defendant at 7101 Hazelwood Ave, Berkeley, MO 63134 from approximately January 5, 2020 until August 3, 2020;

11. Jurisdiction and venue are proper in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. §508.010 et seq. and §213.111(1),(2).

## ADMINISTRATIVE PROCEDURES

12. On or about November 10, 2020, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant.

13. On or about August 17, 2021, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 1 and incorporated herein by reference);

14. This lawsuit was filed within 90 days of the issuance of the MCHR's Notice of Right to Sue;

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and it has been filed within the requisite statute of limitations.

Electronically Filed - St. Louis County - November 12, 2021 - 01:43 PM

## ALLEGATIONS COMMON TO ALL COUNTS

16. Defendant employed Plaintiff from approximately January 5, 2020 until August 3, 2020;

17. Plaintiff is an African American man:

18. In June of 2020, Plaintiff reported to human resources that his direct manager Keith Swiecicki (hereinafter "*Swiecicki*") was discriminating against Plaintiff because of his race.

19. Specifically, Plaintiff reported to human resources that, with respect to certain work that Swiecicki had not done, Swiecicki stated "*I don't do the work; that's for your slaves.*"

20. The date after Swiecicki made the statement referenced in Paragraph 19, Plaintiff reported him to human resources through an email.

21. In July of 2020, Plaintiff put in a request to take vacation, which would have been a paid vacation as a benefit of his employment.

22. Swiecicki denied Plaintiff's request stating that he did not want multiple supervisors to be out on vacation at the same time.

23. Swiecicki's reason for the denial was inconsistent with Defendant's policy as there were multiple times where multiple supervisors to not be on vacation at the same time.

24. Defendant had a policy that was specific to multiple supervisors in the same department taking vacation at the same time.

25. With respect to Plaintiff's request for vacation, the other supervisor whose vacation was approved was Gary Starr, who is a white male in a different department.

26. After Plaintiff's request for a vacation was denied, Swiecicki accused Plaintiff of stealing a Dollar General Backpack that Human Resources had given Plaintiff.

27. Swiecicki asked Plaintiff "Where did you steal that from?" referencing the backpack.

28. Plaintiff also was told by Swiecicki that he could not have the backpack on the floor, though Plaintiff's white co-workers always brought their Dollar General Backpacks onto the floor

29. Plaintiff reported the comments and behavior of Swiecicki to human resources.

30. Human Resources responded to Plaintiff's complaints by telling him that Swiecicki had been put on a "final"

31. This is contradictory to the Defendant's zero-tolerance policy for racial discrimination.

32. After reporting the discriminatory behavior in July to Human Resources, Plaintiff was placed in quarantine due to Covid-19 exposure.

33. Upon Plaintiff's return to work after the quarantine period was complete, Plaintiff learned that the employment of three members of his team had been terminated by Gary Starr.

34. Plaintiff addressed the termination with Caleb Berdard and Swiecicki and was told that Plaintiff could re-hire two of the three employees whose employment had been terminated.

35. After Plaintiff re-hired two of the three employees whose employment had been terminated, Plaintiff was suspended for bringing back terminated employees against company policy.

36. On or about July 23, 2020, Plaintiff was suspended without pay.

37. On or about August 3, 2020, Plaintiff's employment was terminated.

## COUNT I: VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RACIAL DISCRIMINATION AGAINST DEFENDANT

38. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs;

39. Plaintiff is an African American man.

40. Plaintiff is a member of a class of persons protected by the MHRA;

41. Plaintiff's race was a motivating factor in Swiecicki's comment referring to Plaintiff as a slave.

42. Plaintiff's race was a motivating factor in Swiecicki's denial of Plaintiff's vacation request.

43. Plaintiff's race was a motivating factor in Swiecicki's accusation that Plaintiff stole the backpack, which Plaintiff was given by human resources.

44. Plaintiff's race was a motivating factor in Swiecicki's comment about how Plaintiff should not have the backpack on the floor while similarly situated Caucasian employees could have their backpacks on the floor

45. Plaintiff's race was a motivating factor in Defendant's determination to terminate three of Plaintiff's employees while Plaintiff was quarantined due to Covid19.

46. Plaintiff's race was a motivating factor in Defendant's determination to suspend Plaintiff's employment.

47. Plaintiff's race was a motivating factor in Defendant's determination to terminate Plaintiff's employment.

48. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within

the scope and course of their agency and .employment, and/or their actions were expressly authorized by the Defendant, thus making Defendant liable for said actions under respondeat superior;

49. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including racial discrimination;

50. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA;

51. Plaintiff suffered intentional discrimination at the hand of Defendant, based on hehis race, in violation of Mo. Rev. Stat. §213.055.

52. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

53. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

54. By failing to take prompt and effective remedial action, such as re-employing Plaintiff, Defendant condoned, ratified, and/or authorized the discrimination against Plaintiff;

55. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

56. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

## COUNT II VIOLATION UNDER MO. REV. STAT. 213.010 ET SEQ. RETALIATION AGAINST DEFENDANT

57. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs;

58. In June of 2020, Plaintiff engaged in protected activity by reporting to human resources that his supervisor referred to him as a slave.

59. Plaintiff's complaint about Swiecicki's referencing of Plaintiff as a slave motivated Swiecicki to deny Plaintiff his request time off for vacation.

60. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki denied Plaintiff his vacation while granting it to a similarly situated Caucasian employee.

61. In July of 2020, Plaintiff engaged in protected activity by reporting to human resources that Swiecicki racially profiled plaintiff, accused him of stealing a backpack that was given to him by Human Resources, and banned him from brining the backpack on the floor, despite allowing Caucasian employees to bring the backpack on the floor.

62. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and suspend his employment;

63. Plaintiff's engaging in protected activities was at least a motivating factor in Defendant's decision to take adverse action against him and terminate his employment;

64. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits;

65. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages;

66. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, therefore justifying an award of punitive damages in an amount sufficient to punish Defendant or deter Defendant and other companies from similar conduct in the future;

67. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in Mo. Rev. Stat. §213.111.2.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants for economic damages including, but not limited to back-pay, lost wages, lost benefits, front pay, injunctive relief, garden variety emotional distress, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post judgment interest as allowed by law, and for such other and further legal and equitable relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Circuit Court of St. Louis County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

**McMICHAEL, LOGAN, SCHAEFFER, & GILPIN**

By:  */s/ J. Clayton Schaeffer*
     J. Clayton Schaeffer, #67444
     Michelle K. Faron, #68058
     Attorneys for Plaintiff
     7710 Carondelet Ave.
     Suite 217
     Clayton, MO 63105
     (636) 532-1400 Office
     (888) 823-1441 Facsimile
     clay@mcmcihael-logan.com
     michelle@mcmichael-logan.com

Electronically Filed - St Louis County - November 12, 2021 - 01:43 PM